**Quarles & Brady** LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona  85004-2391
TELEPHONE 602.229.5200

Attorneys for Union Fidelity Life Insurance
Company

Isaac M. Gabriel, Esq. (#021780)
isaac.gabriel@quarles.com
Arturo A. Thompson, Esq. (#025070)
arturo.thompson@quarles.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| C.M.B. III, L.L.C., | Case No. 2:10-bk-30496 |
| Debtor. | **MOTION TO PROHIBIT USE OF CASH COLLATERAL AND MOTION FOR ACCOUNTING** |

UNION FIDELITY LIFE INSURANCE COMPANY ("Union Fidelity"), a secured creditor and party-in-interest in the above-captioned Chapter 11 bankruptcy case (the "Bankruptcy Case") of C.M.B. III, L.L.C. (the "Debtor") hereby files this Motion to (i) notify the Court that Union Fidelity holds a valid and perfected first priority lien and security interest in all of the Debtor's assets, including all cash collateral and rents generated from the Debtor's single asset real estate, (ii) Union Fidelity has not consented to the use of its cash collateral, (iii) confirm that all of Union Fidelity's cash collateral is being segregated and sequestered in a separate (i.e., non-commingled) bank account pending further proceedings before the Court, and (iv) request an accounting of all cash collateral in the possession of the Debtor as of the Petition Date, and all proceeds of any collateral obtained postpetition.

QB\11365533.1

Quarles & Brady LLP

1     In further support of this Motion, Union Fidelity states the following:

2     1.     On September 23, 2010 (the "<u>Petition Date</u>"), the Debtor filed a

3 voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code, thereby

4 commencing the above-captioned Bankruptcy Case.

5     2.     This Motion constitutes a core proceeding under 28 U.S.C. § 157, over

6 which this Court has jurisdiction under 28 U.S.C. § 1334.

7     3.     The Debtor owns a mixed-use commercial complex located at 13450-

8 13610 N. Black Canyon Freeway, Phoenix, Arizona ("<u>Property</u>").

9     4.     Upon information and belief, all of the Debtor's income is derived from

10 rents generated by the Property.  Accordingly, Union Fidelity assets that the Debtor is a Single

11 Asset Real Estate debtor as defined in 11 U.S.C. § 101(51B).

12 **The Secured Loan**

13     5.     On or about September 7, 2006, Union Fidelity made a loan to the

14 Debtor evidenced by, among other things, the Promissory Note dated September 7, 2006 in the

15 original principal amount of $18,000,000.00 (the "<u>Note</u>") executed by the Debtor in favor of

16 Union Fidelity.  A complete and authentic copy of the Note is attached hereto as Exhibit "A".

17     6.     The obligations owing to Union Fidelity are secured by a first priority

18 lien and security interest in the real property and improvements thereon located at 13450-13610

19 N. Black Canyon Freeway, Phoenix, Arizona ("<u>Property</u>"), as well as all rents and income

20 generated therefrom, pursuant to the Deed of Trust, Assignment of Rents and Leases, and

21 Security Agreement (also constituting a Fixture Filing) dated September 7, 2006, and recorded in

22 the Official Records of Maricopa County on September 7, 2006 at Instrument No. 20061193017

23 ("<u>Deed of Trust</u>").  A complete and authentic copy of the Deed of Trust is attached hereto as

24 Exhibit "B". The Note, the Deed of Trust, and all related loan and security documents, and

25 amendments or modifications thereto, are collectively referred to herein as the Loan Documents.

26

Quarles & Brady LLP

1      7.      Prepetition, the Debtor defaulted under the Loan Documents by (among

2  other things) failing to make the payments due for August 2010 and September 2010.

3      8.      On September 3, 2010, Lender notified the Debtor of its default under

4  the Loan Documents, and Lender also exercised its rights in the Rents (as defined in the Deed of

5  Trust) and demanded that all Rents be held in trust for the benefit of Lender.  A complete and

6  authentic copy of the letter dated September 3, 2010 (the "Default Letter") is attached hereto as

7  Exhibit "C".

8      9.      Based on rent rolls and other documents provided by the Debtor to

9  Union Fidelity, the Property is generating substantial gross rents and other income in the amount

10  of approximately $250,000 per month.  Upon information and belief, the net rents after paying

11  expenses and management fees total approximately $90,000 per month.

12      10.      In addition, upon information and belief, insiders and/or affiliates of the

13  Debtor manage and operate the Property and collect rents.  These affiliates purportedly charge

14  management fees well above established market rates.

15      11.      Prepetition, the Debtor failed to remit any rents to Union Fidelity

16  collected during July, August, or September, 2010.  To obtain control of the rents and to ensure

17  proper collection and turnover of rents going forward, on September 14, 2010, Union Fidelity

18  filed a Complaint For Appointment Of A Receiver *Ex Parte* (the "Receivership Complaint") in

19  Maricopa County Superior Court, thereby commencing in Case No. CV2010-027090 to enforce

20  its rights and remedies.

21      12.      The Superior Court set a hearing on the Receivership Complaint on

22  September 24, 2010.

23      13.      On September 23, 2010, the Debtor filed the above-captioned

24  Bankruptcy Case.

25

26

Quarles & Brady LLP

14.     As of August 31, 2010, the outstanding amounts owing from the Debtor to Union Fidelity were at least:

| | |
|---|---|
| Principal: | $16,768,740.24 |
| Accrued Interest: | $    252,183.22 |
| Late Charges: | $      12,086.32 |
| Total: | $17,033,009.78 |

In addition to the foregoing amounts, Borrower is obligated for all accrued and accruing interest (including interest accruing at the default rate of interest stated in the Note ¶6(b)), costs, attorneys' fees, late charges, other applicable charges under the Loan Documents until all obligations owing, or that may become owing, under the Loan Documents are satisfied in full (all such amounts, together with the outstanding amounts stated above, the "Indebtedness").

15.     Union Fidelity has not consented to the use of its cash collateral by the Debtor and notified the Debtor in writing on September 23, 2010 that it did not consent to the use of its cash collateral.

16.     To the extent the Debtor has used Union Fidelity's cash collateral since the Petition Date (including by providing a retainer to Debtor's counsel), Union Fidelity asserts that it is entitled to an super-priority administrative claim, replacement liens, adequate protection payments, and/or sanctions. See Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440, 1451 (9th Cir. 1985) (observing that "although not literally within the provisions of section 507, Owens-Corning's injury [based on unauthorized use of cash collateral] is clearly within its spirit and deserves to be remedied by granting its claim a superpriority"); In re Aerosmith Denton Corp., 36 B.R. 116 (Bankr. N.D. Tex. 1983) (a Bankruptcy Court may grant a secured creditor replacement liens pursuant to Bankruptcy Code § 105 based on a Debtor's unauthorized use of cash collateral); In re Rankin, 49 B.R. 565 (Bankr. W.D. Mo. 1985) (an administrative claim may be granted based on a Debtor's unauthorized use of cash collateral); In re Williams, 61 B.R. 567 (Bankr. N.D. Tex. 1986) (debtor may be sanctioned for the unauthorized use of this cash collateral); In re J.L. Graphics, Inc., 62 B.R. 750 (Bankr.

Quarles & Brady LLP

1   D.N.H. 1986) (noting where a secured creditor has not consented to the use of its cash collateral,

2   the Court may be justified in using its powers under § 105 to grant the Bank a "replacement lien"

3   in post-petition receivable collections, notwithstanding the failure to obtain any order authorizing

4   borrowing and attachment of liens under §§ 364 and 552); In re Etch-Art, Inc., 48 B.R. 143, 146

5   (Bankr. D.R.I. 1985) ("The Court may award compensation to a wronged party, absent a finding

6   of contempt, provided there is evidence of the complainant's actual loss.") (citing Nat'l Indem.

7   Co. v. Proia (In re Proia), 36 B.R. 385 (Bankr. D.R.I. 1983)).

8          17.     In addition, to the extent the Debtor has used Union Fidelity's cash

9   collateral since the Petition Date, Union Fidelity reserves all of its rights and remedies against the

10  Debtor under the Loan Documents, the Bankruptcy Code, other applicable state and federal law,

11  and in equity.

12        WHEREFORE, Union Fidelity respectfully requests that the Court enter an Order:

13        A.     Prohibiting the Debtor and any other entity or individual from any use of

14  cash collateral and ordering that all cash collateral proceeds of Union Fidelity's be segregated,

15  sequestered, and placed in a separate interest bearing account pending further proceedings before

16  the Court;

17        B.     Directing the Debtor to identify and provide an accounting of: (i) the

18  source of any retainer provided to Debtor's counsel; (ii) all rents or other cash collateral on hand

19  as of the Petition Date; and (iii) all rents or other cash collateral received by the Debtor

20  postpetition;

21        C.     To the extent the Debtor has dissipated Union Fidelity's cash collateral

22  post-petition, granting Union Fidelity: (i) an allowed super-priority administrative claim pursuant

23  to Bankruptcy Code § 507(b) in the amount of such dissipation, (ii) a replacement lien in all like

24  collateral acquired post-petition by the Debtor pursuant to Bankruptcy Code § 105, (iii) ordering

25  adequate protection payments, and (iv) awarding sanctions against the Debtor and/or the Debtor's

26

1 | principals or counsel; and

2 |      D.    Granting such other and further relief deemed just and proper under the

3 | circumstances.

4 |     RESPECTFULLY SUBMITTED this 24th day of September, 2010.

5 |     QUARLES & BRADY LLP
Renaissance One

6 |     Two North Central Avenue
Phoenix, AZ 85004-2391

7

8

9 | By /s/ Isaac M. Gabriel

    Isaac M. Gabriel
    Arturo A. Thompson

10

11 | Attorneys for Union Fidelity Life Insurance
Company

12

13 | COPIES of the foregoing sent
via e-mail this 24th day of

14 | September, 2010, to:

15 | Richard M. Lorenzen

16 | Perkins Coie Brorwn & Bain P.A.
2901 North Central Avenue

17 | Suite 2000
Phoenix, AZ 85012-2788

18 | Email: rlorenzen@perkinscoie.com
Attorneys for Debtor

19

20 | Office of the U.S. Trustee
230 N. First Avenue, Suite 204

21 | Phoenix, AZ 85003
E-mail: USTPRegion14.PX.ECF@USDOJ.GOV

22

23

24 | /s/ Jason Antonino

25

26

QB\11365533.1     -6-