ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

PATTY CHAN (CA Bar #256200)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone (602) 682-2633
FAX   (602) 514-7270

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>C.M.B. III, L.L.C.,<br><br><br><br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:10-bk-30496-GBN<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION**<br><br>Hearing Date: May 19, 2011<br>Time:            10:00 a.m.<br>Location:      230 North 1st Avenue<br>                     #702, 7th Floor |

The United States Trustee for the District of Arizona (the "UST"), pursuant to 28 U.S.C. § 586(a)(3)(B), in addition to 11 U.S.C. § 307, hereby objects to C.M.B. III, LLC's ("Debtor") "<u>Plan of Reorganization</u> (the "Plan")."

The UST's objection is centered on the Plan's two proposed clauses:  (1) an exculpation clause seeking to limit the liability of the Debtor's officers, directors, members, representatives or agents, which may include Debtor's professionals to a standard of gross negligence or willful misconduct for any act or omission for which they might be liable to *any* claim holder resulting from their conduct related to this case and (2) a broad injunction clause enjoining creditors from taking action against possibly non-Debtor parties.  The Debtor's proposed exculpation and injunction clauses are over broad and clearly run afoul of the Ninth Circuit Court of Appeal's standard, which is based upon 11 U.S.C. § 524(e) and disfavors a debtor's proposed releases, indemnifications, or injunctions of independent third party claims of creditors and other parties in interest against non-debtors through a plan of reorganization.  Further, to

the extent such exculpation applies to the Debtor's attorneys, financial advisors and other professionals, such exculpation violates the employment standards of such professionals under 11 U.S.C. §§ 327 and 328, not to mention such professionals' ethics rules.

The UST begins by looking at exactly what is being sought by the Debtor, its respective officers, directors, members, representatives or agents, which may include most importantly. . . bankruptcy professionals.

## I. EXCULPATION AND INJUNCTION CLAUSE

Black's Dictionary ("Black") defines "exculpation" as: "To free from blame or accusation." See Black's Law Dictionary 608 (8th ed. 2004). Black further defines an "exculpatory clause" as: "A contractual provision relieving a party from liability resulting from a negligent or wrongful act." Id.

In a bankruptcy case, "exculpation" involves one party releasing another party from liability for otherwise valid claims that it may have against the released party. Exculpation relieves the released party from the consequences of its actions. In this case the Debtor's Plan contains an exculpation clause (the "Exculpation Clause") with the following language:

> **Section 11.7 - <u>Exculpation:</u>**
>
> Neither the Debtor nor any of its respective officers, directors, members, representatives or agents who served as such during this Bankruptcy Case, shall have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the Disclosure Statement, the consummation of this Plan, the transactions contemplate and effectuated by this Plan, the administration of this Plan or any other act or omission during the administration of the Bankruptcy Case or the Debtor's Estate. Notwithstanding the foregoing, Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not waived or released in any manner by the Plan.

See Plan at p. 26.

The breadth and scope of the Exculpation Clause's proposed limitation of liability is most stark when broken down into its parts:

> ***Whose liability is being limited?***
>
> Neither the Debtor nor any of its respective officers, directors, members, representatives or agents who served as such during this Bankruptcy Case . . . .

-2-

See Plan at p.26.

The Debtor is seeking to inappropriately limit the liability of the very parties whom the creditors and other parties in interest relied upon to ensure the bankruptcy proceedings were properly conducted, whom were accurately representing the Debtor's financial and legal positions during the bankruptcy, and whom were obligated to do so with a proper standard of care required of a fiduciary and professional with expertise in such matters. The above named parties are referred to hereinafter as the "Exculpated Parties."

### ***Whose claims are being limited?***

> *. . . any Entity . . .*

Id. at p. 26.

The Debtor is impermissibly seeking to limit the liability of the Exculpated Parties against the independent claims of all third parties and other interested parties to these bankruptcy proceedings.

### ***What is the legal standard for the Exculpated Parties' liability?***

> The Exculpation Clause limits the liability of the Exculpated Parties to actions based solely upon their "gross negligence" or "willful misconduct."

Id. at p. 26

The Debtor's limitation of liability is so great it even excludes independent claims of creditors against the Exculpated Parties' based upon their breaches of fiduciary duty . . . let alone negligence.

The Debtor's Plan also contains an injunction clause (the "Injunction Clause") with the following language:

**Section 11.6 - Injunction:**

> Except as otherwise provided herein, from and after the Effective Date, all holders of Claims shall be permanently enjoined from commencing or continuing in any manner, any suit, action, or other proceeding, on account of any Claim, interest, obligation, debt, right, cause of action, remedy or liability released or to be released pursuant to this Plan.

See Plan at p. 26.

The Injunction Clause appears to be very broad, protecting anyone, including Debtor's insiders and agents from independent claims of any third party holder or parties of interest to these bankruptcy proceedings.

### *Who are the protected third parties?*

> . . . all parties, including Debtor's insiders and agents

See Plan at p. 26.

### *Who are the restrained parties?*

> . . . all holders of Claims

Id.

### *What actions are being restrained?*

> . . . [the commencement or continuation in any manner] any suit, action or other proceeding, on account of any Claim, interest, obligation, debt, right, cause of action, remedy or liability released or to be released pursuant to this Plan.

Id.

### *How long is the injunction?*

> Creditors "shall be permanently enjoined" from and after the Effective Date.

Id. at pp. 25-26.

The question before the Court is whether these clauses requested by the Debtor in Sections 11.6 and 11.7 are proper under applicable Ninth Circuit Court of Appeals standards. The UST asserts that the Debtor's Exculpation and Injunction Clause run foul of the Ninth Circuit's requirements, which demand far more responsibility from the Debtor's Exculpated Parties.

## II. THE NINTH CIRCUIT STANDARD

The Ninth Circuit Court of Appeals (the "Ninth Circuit") has unequivocally stated:

> This court has repeatedly held, without exception, that §524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors.

See Resorts Intl., Inc. v. Lowenschuss, (In re Lowenschuss), 67 F. 3d 1394, 1401 (9th Cir. 1995), cert. denied, 517 U.S. 1243, 116 S. Ct. 2497, 135 L. Ed. 2d 189 (1996).

The Ninth Circuit further explained the impact of 11 U.S.C. § 524(e)[1]:

> [T]hat Congress provided explicit authority to issue injunctions in favor of third parties [**pursuant to § 524(g)**] in an extremely limited class of cases. ***This reinforces the conclusion that § 524(e) denies any such authority in other, non-asbestos, cases***.

Id. at 1402 n.6 (emphasis added).

The seminal decisions in the Ninth Circuit tell us that "injunctions," "releases," and "indemnifications" of claims against insiders or against non-debtors incorporated into a plan of reorganization are prohibited by Bankruptcy Code § 524(e). See In re Lowenschuss, 67 F. 3d at 1402; In re American Hardwoods, 885 F.2d 621, 626 (9th Cir. 1989); Underhill V. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) (holding that consent of creditors to a plan of reorganization that purports to discharge a non-debtor *does not* override the restrictions imposed by Bankruptcy Code § 524(e)).

The UST is not aware of any case that cuts back on the foregoing Ninth Circuit decisions. More recent bankruptcy court decisions have ensured that they do not exceed the standard established by Lowenschuss, American Hardwood, and Underhill (the "Ninth Circuit Standard").[2]

Subsequent bankruptcy decisions have continued to adhere closely to the Ninth Circuit Standard. As discussed in more detail below, one bankruptcy court stated, in examining the requirements of § 524(e), ". . . decisions in the Ninth Circuit appears not to favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties." See In re WCI Cable, Inc., 282 B.R. 457, 479 (Bankr. D.Or. 2002), citing In re Metricom, Inc., 275 B.R. 364 (Bankr. N.D. Cal. 1991) (Broad indemnification and exculpation provision of financial advisor agreement not approved, based on no showing of reasonableness, but such provisions not invalid *per se*); In re Mortgage & Realty Trust, 123 B.R. 626 (Bankr. C.D. Cal. 1991) (Provisions of investment

---

[1] 11 U.S.C. § 524(e) provides:
> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

[2] The one case that at first blush appears to contradict the Ninth Circuit Standard is In re Western Asbestos Company, 313 B.R. 832 (Bankr. N.D. Cal. 2003). However, Western Asbestos is easily distinguishable as a case that falls within the purview of § 524(g), which specifically allows for claims of third parties in mass tort asbestos cases to be limited and enjoined as discussed by the Ninth Circuit in Lowenschuss. The case at bar involves no such claims.

1   advisor agreement not approved providing for indemnification extending only to acts other than
2   negligence, gross negligence, or willful misconduct).

The District Court of Arizona recently affirmed the applicability of § 524(e) in the context of prohibiting a reorganization plan from shielding nondebtors from liability through injunctions, indemnifications and outright releases. See In re Regatta Bay, 2009 WL 5730501 (D.Ariz. Oct. 30, 2009). In its reasoning the District Court cited In re Rohnert Park Auto Parts, Inc., 113 B.R.610 (BAP 9th Cir.1990). In Rohnert, the BAP reasoned that *because the reorganization plan at issue "affected" the liability of nondebtors* by prohibiting collection efforts for five years, *the reorganization plan ran afoul of § 524*. Thus, the injunction prohibiting collection efforts for five years against *nondebtor insiders* was not permitted. Id. at 615.

The District Court agreed with the BAP stating, "[U]nder the reasoning of In re Rohnert Park Auto Parts, Inc., this temporary prohibition *'affect[s] the liability'* of Wright and Keesling *[nondebtor insiders] and is barred by section 524*. Regatta Bay offers no explanation how the temporary prohibition can be construed as not 'affecting' Wright and Keesling's liability. Reversal is required." See Regatta Bay, 2009 WL 5730501, at *4 (emphasis added).

United States Bankruptcy Judge Montelli went so far as to expressly state in his decision:

> This court is bound by, and does not question, the legal principle set forth in *Lowenschuss,* in *In re American Hardwoods, Inc.,* 885 F.2d 621, 626 (9th Cir.1989), and in *Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985) that liabilities of nondebtors cannot be discharged through a plan. This legal principle, however, is inapplicable here because (unlike in *Lowenschuss, American Hardwoods*, and *Underhill*) the Plan does not discharge or release nondebtors from claims that belong to others (except the Commission, which has consented to the release). Those cases did not involve the release by a debtor of only claims which were held by, assertable on behalf of, or derivative of the debtor, and did not involve a confirmation order containing language acknowledging that the plan did not release claims which may be asserted directly by third parties against non-debtors.

See In re Pacific Gas & Electric Company (PG&E), 304 B.R. 395, 418 n. 26 (Bankr. N.D.Cal. 2004).

In In re WCI Cable, Inc., 282 B.R. 457 (Bankr.D.Or.,2002), the debtors in their joint plan of reorganization sought three different exculpation clauses: The first clause sought exculpation of an insider from claims held solely by the debtor; the second clause sought the exculpation for the

members of the Official Creditors Committee; and the third clause sought the type of exculpation similar to the Exculpation Clause at bar. See In re WCI Cable, Inc., 282 B.R. at 479.

In regards to the first two clauses, the Court found that the proposed exculpations were not restricted by the Ninth Circuit Standard. Consistent with Judge Montelli's decision in In re PG&E, the Court held that the exculpation involving the insider sought only to release claims of the debtors and did not preclude direct claims of third parties against the insider. As such, the proposed releases and injunction were appropriate. In re WCI Cable, Inc., 282 B.R. at 469. Moreover, in regards to the members of the Official Creditors Committee, the Court found that the "limitation of liability provisions for Creditors Committee members and their agents, *other than professionals*, included in the Creditors Committee Exculpation Clause *cover no more and no less than the limited immunity for creditors' committee members performing their functions under the Bankruptcy Code contemplated in § 1103©*." Id. at 477 (emphasis added). Accordingly, the WCI Cable Court held that "the Creditors Committee Exculpation Clause complie[d] with, and [was] not inconsistent with, applicable provisions of the Bankruptcy Code." Id.

Similar to the case at bar, in its third exculpation clause, the WCI Plan sought to limit the liability of the debtors' officers, directors, employees and agents, including professionals for any of their acts or omissions to act with respect to the debtors' ("WCI Group") bankruptcy proceedings, except for willful misconduct or gross negligence. At the confirmation hearing, counsel for the WCI Group stated that the applicable section of the WCI Plan would be amended to clarify that its provisions relate only to post-petition acts of the subject persons and entities. Id.

In its analysis, the Court stated, "[T]he WCI Group Exculpation Clause is particularly problematic because it establishes one standard of liability for post-petition conduct, limited to willful misconduct and gross negligence, for the WCI Group entities and their officers and agents, fiduciaries of the WCI Trust, and their professionals." Id. at 478. In observing this point the bankruptcy court pointed to two separate Ninth Circuit Bankruptcy Appellate Panel (BAP) decisions, noting that while at times certain nonjudicial officers are entitled to absolute quasi-judicial

immunity, ***even trustee's may be sued for intentional and negligent actions*** for violations of duties imposed upon the trustee by law. Id., citing In re Castillo, 248 B.R. 153, 157 (9th Cir. BAP 2000); In re Kashani, 190 B.R. 875, 883 (9th Cir. BAP 1995) (emphasis added).

As discussed above, the bankruptcy court went on to further note ". . . in general, decisions in the Ninth Circuit appear not to favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties." In re WCI Cable, Inc., 282 B.R. at 479, citing In re Metricom, Inc., 275 B.R. 364 (Bankr. N.D. Cal. 1991) (Broad indemnification and exculpation provision of financial advisor agreement not approved, based on no showing of reasonableness, but such provisions not invalid *per se*); In re Mortgage & Realty Trust, 123 B.R. 626 (Bankr. C.D. Cal. 1991) (Provisions of investment advisor agreement not approved providing for indemnification extending only to acts other than negligence, gross negligence, or willful misconduct).

In light of the requirements of Lowenschuss, American Hardwoods, and Underhill and the foregoing case law interpreting those decisions, the bankruptcy court modified the WCI Group's Exculpation provision to cover only post petition acts and omissions of the various parties. Importantly, ***the court specifically ordered that exculpation was not to apply to actions by third parties*** against the debtor's directors, officers, employees and agents, including its professionals ***that are based upon negligence, breaches of fiduciary duty, willful misconduct or gross negligence***. See In re WCI Cable, 282 B.R. at 479 - 480.

In summary, the WCI Cable bankruptcy court held: (1) a debtor can release insiders, fiduciaries and professionals from its own claims; (2) a plan can include a provision expressly stating the statutory quasi-immunity afforded members of the official committee pursuant to § 1103©; and (3) a plan can contain an exculpation provision limiting post-petition liability of a debtor's insiders, agents and professionals *so long as* third party claims for negligence, breach of fiduciary duty, gross negligence and willful misconduct are excepted from the provision.

The WCI Cable decision falls squarely on the shoulders of Lowenschuss, American Hardwoods, and Underhill in their requirements that third party claims against nondebtors cannot

be thwarted through a plan of reorganization. A debtor's release of its own claims has no bearing on third parties independent claims. A restatement of the statutory quasi-immunity of members of a creditors committee gives no relief greater than that already afforded by the law. Finally, any exculpation clause seeking a release or limitation of liability to a debtor's insiders, employees, agents or professionals that does not limit third parties' claims against these non-debtors based upon causes of action for negligence, breach of fiduciary duty, gross negligence or willful misconduct is for all practical purposes . . . illusory. In other words, it has no practical impact for limiting third party claims against the exculpated parties that would run afoul of the Ninth Circuit Standard clearly mandated by Lowenschuss, American Hardwoods, and Underhill and their predecessors.

It goes without saying that in light of the Ninth Circuit Standard and Regatta Bay the Injunction Clause at Section 11.6 is defective and must be denied, whether the Injunction is permanent or temporary. Moreover, the Debtor's proposed Exculpation Clause at Section 11.7 of the Plan also clearly fails to meet the Ninth Circuit Standard. The Debtor's attempts to limit the Exculpated Parties' liability to willful misconduct against third party claims not only falls far short of the requirements of § 524(e), but the Exculpation Clause itself borders on a breach of fiduciary duty to such third parties. The Debtor's agents including professionals should know better than to seek such a self interested provision. It is no small coincidence that the Ninth Circuit Standard is consistent with the model rules of ethics by which the Debtor's professionals must comply.

### III. EXCULPATION CLAUSE FALLS SHORT OF PROFESSIONAL STANDARDS

As they relate to attorneys and other professionals for the estate, the Plan's Exculpation Clause runs afoul of applicable standards of professional conduct. The effect of Section 11.7 would be to release and indemnify Debtors' attorneys for their conduct of the case. Indemnification of substandard conduct is inappropriate, especially as it relates to attorneys and other professionals employed pursuant to §§ 327 and 328 of the Bankruptcy Code. Such professionals owe fiduciary duties to their clients, and such duties should not be less in bankruptcy proceedings than in matters outside of bankruptcy. See, e.g., Hansen, Jones & Leta, P.C. v. Segal, 220 B.R. 434, 454 (D.Utah

1998) (stating duties to the client are the same for bankruptcy practitioners as well as non-bankruptcy practitioners); see also In re Envirodyne Industries, Inc., 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993) (Requirements of §327(a) reflect "congressional intention to hold professionals performing duties for the estate to strict fiduciary standards"); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 27 (Bankr. S.D.N.Y. 1991) (indicating indemnification is inconsistent with professionalism; professionals should not be relieved of the consequences of their actions); In re Mortgage & Realty Trust, 123 B.R. 626, 630 (Bankr. C.D. Cal. 1991) (stating ethics rules "prohibit an attorney from obtaining an indemnity from a client in connection with professional services").

In the case at bar, if the same professionals, who are now seeking to enjoy the protection of the Exculpation Clause under the Plan, initially filed employment applications with similar exculpation provisions, such applications would likely have faced strenuous objections from the UST and other creditors. These same professionals should not now be permitted to obtain indirectly at the end of the case what they could not have obtained directly at the commencement of their court-approved employment.

For the legal profession, it has long been accepted as unethical for a professional to accept any form of exoneration of liability from its client. See, e.g., Ariz. Rules of Prof'l Conduct ER 1.8; Model Rules of Prof'l Conduct R. 1.8(h)(1) (2009); Model Code of Prof'l Responsibility EC 6-6; Model Code of Prof'l Responsibility DR 6-102(A). Permitting broad indemnification or exculpation removes incentive to professionals to perform their duties competently. Clearly, in a non-bankruptcy context, broad exculpatory provisions are generally not available to attorneys; the result should be no different in a bankruptcy context.

These same standards for certified public accountants are reflected in Ariz. Rev. Stat. Ann. § 32-741(A)(4) (Thomson Reuters 2010).

In summary, the Debtor's Exculpation and Injunction Clause for the Exculpated Parties as specified in the Plan are objectionable because (1) it runs foul of the long standing Ninth Circuit Standard by violating 11 U.S.C. § 524(e) thereby prohibiting confirmation of the Plan; and (2) to the

extent the Exculpation Clause limits the liability of the Debtor's professionals, it violates their applicable certifying agencies' professional standards and are contrary to public policy.

WHEREFORE, the UST respectfully requests that the Debtor's Plan not be approved at this time.

RESPECTFULLY SUBMITTED this 12th day of May, 2011.

ILENE J. LASHINSKY
United States Trustee
District of Arizona


 /s/ PC (CA #256200)
PATTY CHAN
Trial Attorney

Copies of the foregoing e-mailed on
May 12, 2011 to:

RICHARD M. LORENZEN
PERKINS COIE LLP
2901 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, AZ 85012-2788
Email: rlorenzen@perkinscoie.com
Debtor's Attorney

ISAAC M. GABRIEL
ARTURO A. THOMPSON
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
Email: isaac.gabriel@quarles.com
Email: arturo.thompson@quarles.com
Attorneys for Union Fidelity Life Insurance

JOHN J. FRIES
RYLEY CARLOCK & APPLEWHITE
1 N. CENTRAL AVE, #1200
PHOENIX, AZ 85004-4417
Email: jfries@rcalaw.com
Attorney to Chapter 11 Trustee

| | |
|---|---|
| 1 | Copies of the foregoing mailed via<br>First Class postage on May 13, 2011: |
| 2 | |
| 3 | RICHARD M. LORENZEN<br>PERKINS COIE LLP<br>2901 NORTH CENTRAL AVENUE |
| 4 | SUITE 2000<br>PHOENIX, AZ 85012-2788 |
| 5 | Debtor's Attorney |
| 6 | ISAAC M. GABRIEL<br>ARTURO A. THOMPSON |
| 7 | QUARLES & BRADY LLP<br>Renaissance One |
| 8 | Two North Central Avenue<br>Phoenix, Arizona 85004-2391 |
| 9 | Attorneys for Union Fidelity Life Insurance |
| 10 | JOHN J. FRIES<br>RYLEY CARLOCK & APPLEWHITE |
| 11 | 1 N. CENTRAL AVE, #1200<br>PHOENIX, AZ 85004-4417 |
| 12 | Attorney to Chapter 11 Trustee |

_____